**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **VICTOR OCTAVIO NIETO NIETO,** | **Civil Action No.  26-9437 (MCA)** |
| **Petitioner,** | |
| **v.** | **ORDER** |
| **WARDEN, et. al,** | |
| **Respondents.** | |

This matter comes before the Court on a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, brought on behalf of Victor Octavio Nieto Nieto by an attorney who is not admitted in this District.  (*See* ECF Nos. 1-2.)  For the reasons explained below, the Court directs the Clerk to ADMINISTRATIVELY TERMINATE this matter and requires Petitioner to comply with this Order within 14 days if he wishes to reopen the matter.

The federal habeas statute requires that a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his behalf."  28 U.S.C. 2242; *see also* Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts.[1]  Counsel for Petitioner filed the instant Petition through the Court's Alternate Document Submission system ("ADS system").  The Court's ADS system is restricted to pro se filers (*see* Standing Order 2026-01), and admission of out of state attorneys is governed by L. Civ. R. 101.1(c).  Therefore, counsel for Petitioner is not permitted to utilize the ADS system

---

[1] In limited circumstances a "next friend" has standing to submit a petition on an inmate's behalf in a federal habeas proceeding.  *See generally, Whitmore v. Arkansas*, 495 U.S. 149 (1990).

and must instead move to be admitted *pro hac vice* according to L. Civ. R. 101.1(c) if he wishes to represent Petitioner in this action.[2]

At this time, the Court directs the Clerk of the Court to ADMINISTRATIVELY TERMINATE this matter and provides Petitioner with the opportunity to submit a signed habeas petition on his own behalf by mail within 14 days, along with the $5.00 filing fee or an affidavit of indigence.  The Clerk of the Court shall send a copy of this Order along with a blank Section 2241 Petition to Petitioner at the address on file.  Alternatively, within 14 days, counsel for Petitioner may move for admission *pro hac vice* in compliance with L. Civ. R. 101.1(c) or an attorney who is admitted to this District may enter an appearance.  The Court will permit the stay of transfer entered at ECF No. 2 to remain in place for the 14-day period, but failure to comply with this Order will result in the dismissal of this action without prejudice.

IT IS THEREFORE, on this 31st day of July 2026,

ORDERED that Clerk of the Court shall ADMINISTRATIVELY TERMINATE this matter for docket management purposes only; and it is further

ORDERED that the Clerk of the Court shall send a copy of this Order and a blank Section 2241 habeas form (AO 242 (12/11) to Petitioner at the address on file; and it is further

ORDERED that, if he wishes to reopen this matter, Petitioner may complete and sign the Section 2241 habeas form and mail it to the Clerk of the Court at Martin Luther King Building & U.S. Courthouse, 50 Walnut Street Newark, NJ 07102, within 14 days, along with the $5.00 filing fee or an affidavit or indigence; and it is further

---

[2] If counsel files additional submissions or new petitions through ADS, the Court may require him to show cause why he should not be sanctioned.

ORDERED that, ALTERNATIVELY, within 14 days of the date of this Order, counsel may move for admission *pro hac vice* in compliance with L. Civ. R. 101(c), or an attorney who is admitted to this District may enter an appearance; and it is further

ORDERED that the stay of transfer entered at ECF No. 3 shall remain in effect for the 14-day period; and it is further

ORDERED that failure to comply with this Order will result in the dismissal of this matter without prejudice.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States District Judge**